**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIANA KWIECINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| HARTFORD LIFE & ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes the Plaintiff, DIANA KWIECINSKI, by her attorneys, DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., and complaining against the Defendant, HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, she states:

### *Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, consists of group long-term disability ("LTD") benefits.

2. This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Venue is proper in the Northern District of Illinois pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because Plaintiff resides in this District.

5. Venue is also proper because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this district. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

### *The Parties*

6. The plaintiff, Diana Kwiecinski ("Kwiecinski" or "Plaintiff"), age 61 (born in 1959), is a resident of Vernon Hills, Lake County, Illinois.

7. The defendant, Hartford Life & Accident Insurance Company ("Hartford" or "Defendant"), was at all times relevant hereto doing business throughout the United States and within the Northern District of Illinois, and it issued and delivered coverage to Plaintiff in the State of Illinois.

### *Nature of the Action*

8. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Kwiecinski seeks payment of LTD benefits due under an LTD group policy of insurance: group long-term disability policy number 0000010165123 ("the Policy"), underwritten and administered by Hartford for the benefit of employees of Hospice Care of Texas, LLP. (a true and accurate copy of the Policy that Hartford provided to Plaintiff and represented as the governing plan document is attached hereto as Exhibit "A").

9. At all times relevant hereto, the LTD Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to her employment with Care Hospice, Inc., Kwiecinski received coverage under the LTD Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

10. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and

ERISA § 502(g), as well as all other remedies this Court sees fit to award.

### *Relevant LTD Policy Provisions*

11. In a March 24, 2020 letter to Plaintiff (a true and accurate copy of that letter is attached hereto as Exhibit "B"), Hartford indicated that the LTD Policy provides monthly disability income benefits for participants that meet the following "Test of Disability":

> From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
>
> - You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
> - Your earnings are 80% or less of your adjusted predisability earnings.
>
> After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.
>
> Important Note: the loss of a professional or occupational license or certification that is required by your own occupation does not mean you meet the test of disability. You must meet the plan's test of disability to be considered disabled.

Ex. B at 3.

12. That Test of Disability differs from the definition of Total Disability included in the LTD Policy Hartford represented to Plaintiff as governing her LTD benefit claim – the LTD Policy contains the following definition of "Total Disability or Totally Disabled":

> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of Any Gainful Occupation.
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

Ex. A at 10.

*Statement of Facts*

13. Immediately prior to ceasing work, Kwiecinski was successfully employed as a licensed clinical social worker with Care Hospice, Inc., a healthcare provider that operates in multiple states.

14. Kwiecinski became unable to work on September 15, 2017 due to a multitude of medical impairments, including but not limited to, fibromyalgia, chronic fatigue, psoriatic arthritis, osteoarthritis, bilateral sensorineural hearing loss, and Lyme disease. She has not worked in any capacity since that date.

15. Kwiecinski timely applied for LTD benefits under the Policy. Hartford initially approved that claim and awarded LTD benefits in the amount of $3,378.20 per month effective March 15, 2018.

16. At Defendant's behest and with the assistance of counsel arranged by Defendant, Kwiecinski concurrently submitted a claim for Social Security disability benefits. The Social Security Administration ("SSA") ultimately determined that Kwiecinski was disabled effective September 15, 2017, thus signifying that her medical conditions resulted in her inability to engage in "any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A) (definition of "disabled" under the Social Security Act). Plaintiff started receiving Social Security disability benefits in or around September of 2021 and continues to receive those benefits to this day.

17. On March 24, 2020, Hartford informed Plaintiff that it had terminated her claim effective March 16, 2020 due to her alleged failure to provide medical information in support of her ongoing eligibility for LTD benefits.

18. On September 18, 2020, Kwiecinski, with the assistance of counsel, submitted an appeal of Hartford's termination of benefits. Supporting evidence provided with her appeal

included updated treatment records and opinion evidence from her treating doctors, as well as personal statements prepared by individuals close to Plaintiff, all of which demonstrated her ongoing entitlement to LTD benefits.

19. Nonetheless, on April 30, 2021, Hartford upheld its termination of Kwiecinski's LTD benefit claim based on the opinion of non-examining physicians: Nichole Barry, M.D., a rheumatologist; Piotr Kapinos, M.D., an infectious disease doctor; and Farjallah Khoury, M.D., a physical medicine and rehabilitation physician.

20. Hartford's termination of Kwiecinski's LTD benefits was and remains against the weight of the medical and vocational evidence, including the opinions of her treating doctors and the SSA's findings.

21. Hartford's decision to terminate LTD benefits was the product of biased claims handling and was the result of a conflict of interest rooted in unfounded and unsupported medical reviews performed by non-treating physicians employed by and/or routinely contracted by Hartford.

22. Kwiecinski remains entitled to LTD benefits due since March 16, 2020 plus any interest that has accrued thereon; and she is also entitled to a declaration of rights that her benefits remain payable thereafter so long as she continues to meet the Policy's terms and conditions.

23. All required avenues of administrative appeal to Hartford have now been exhausted, and this matter is therefore ripe for adjudication.

***Relief Sought***

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an

5

amount equal to the contractual amount of benefits to which she is entitled from March 16, 2020 to the present;

  B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

  C. That the Court order Defendant to continue paying Plaintiff LTD benefits in an amount equal to the contractual amount of benefits to which she is entitled through the Policy's Maximum Benefit Period, so long as she continues to meet the Policy's conditions for continuance of benefits;

  D. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

  E. That Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

Dated: November 15, 2021        Respectfully Submitted,

                /s/ *William T. Reynolds*
                *Attorney for Plaintiff*

                William T. Reynolds
                Matthew T. Maloney
                DeBofsky Sherman Casciari Reynolds, P.C.
                150 N. Wacker Dr., Suite 1925
                Chicago, IL 60606
                (312) 561-4040 (phone)
                (312) 929-0309 (fax)